Argued at Pendleton October 26, affirmed November 17, 1925.

## STATE EX REL. PACIFIC LIVESTOCK COMPANY *v.* JASPER DAVIS ET AL.

(240 Pac. 882.)

**Waters and Watercourses—Proceeding for Contempt for Violating Decree Dividing Waters of Creek Held not to Lie.**

1. Where decree adjudicating riparian rights ordered that water of creek be equally apportioned to its three channels, defendant, who had not interfered with division-boxes installed by order of court, *held* not subject to have his disputes with another riparian owner on one of channels adjudicated in contempt proceedings at relation of latter.

**Waters and Watercourses—"Riparian Proprietor" and "Appropriator" Distinguished.**

2. As to water, tenure of "riparian proprietor" is analogous to that of tenant in common, while "appropriator" is like a tenant in severalty.

**Waters and Watercourses—Riparian Privileges cannot be Taken Away Because Land is Riparian to Other Streams.**

3. Privileges of one of riparian proprietors of stream cannot be taken away from him merely because his land is also riparian to other streams.

———————

Waters, 40 Cyc., p. 561, n. 56 New, p. 567, n. 12, p. 568, n. 25 New.

2. Nature of riparian rights and lands to which . attached, see notes in 9 Ann. Cas. 1235; Ann. Cas. 1913E, 709; Ann. Cas. 1915C, 1026.

From Harney: LOUIS P. HEWITT, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Gallagher & Kester*, with an oral argument by *Mr. T. P. Wittschen.*

For respondents there was a brief and oral argument by *Mr. Charles W. Ellis.*

BURNETT, J.—In 1905 the plaintiff commenced a suit against a number of defendants, including Joseph Clark, defendant in the instant proceeding, to prevent the interference by them with the water of Rattlesnake Creek, a stream in Harney County, flowing from the north to the south toward Malheur Lake. In that suit the plaintiff claimed as a riparian owner of lands abutting upon the stream. It transpired, however, that the creek in its course divided into three channels, the west channel of which is the one immediately involved in this proceeding. The east fork debouched to the left, and farther down the stream about a quarter of a mile it again separated into the middle fork and west fork. The defendant Clark, who is charged with contempt in this proceeding, owns land riparian to all three of the branches of the stream. The plaintiff's land abuts only upon the west fork. The case was appealed to this court and decided, a report of which appears at 60 Or. 658 (119 Pac. 147), resulting in a decree, the material part of which is as follows:

"And the court having duly considered the allegations of the parties and the evidence produced,

finds that the respondent and other riparian proprietors along the west channel of Rattlesnake Creek, mentioned and described in the pleadings, are entitled to one-third of the waters of said stream; and that the appellants and other riparian proprietors along the east and middle channel of said Rattlesnake Creek, are entitled to two-thirds of the waters of said Rattlesnake Creek; and that neither of the parties shall recover costs and disbursements in the court below; and that appellants shall recover their costs and disbursements in this court. And based upon the whole record in this cause, including the opinion of the court, it is ordered, adjudged and decreed that the respondent and the other riparian proprietors along the west fork of Rattlesnake Creek are entitled to one-third of the waters of Rattlesnake Creek, and to have said one-third of said waters flow down the west channel upon their lands; and that the appellants are entitled to have the remaining two-thirds of the natural flow of said Rattlesnake Creek, flow down their respective premises through the east and middle channels of said Rattlesnake Creek. And it is further ordered and adjudged and decreed that the appellants and defendants, including the defendants, who have not appealed to-wit: Jasper Davis, Joseph Clark, Fred Haines, E. L. Wyatt, F. L. Wyatt, Belle Tregaskis and Jennie Curtis, and each and all of them, their attorneys, agents, servants and employees, and all persons acting by, through, for or under either of them, be and they are hereby enjoined and restrained from doing any act or thing, which in any way obstructs or prevents or interferes in the flow of one-third of the waters of Rattlesnake Creek, flowing down the west channel of Rattlesnake Creek to and upon the lands of respondent and other riparian proprietors along said Creek.

"And it is further ordered, adjudged and decreed that the respondent, its agents, servants and employees, and all persons acting under, by or through it, be and they are enjoined and restrained from interfering with the flow of two-thirds of the waters of

said Rattlesnake Creek down the east and middle channels flowing upon the lands of appellants and other riparian proprietors along said streams.

"It is further ordered and adjudged by the court that the division box to divide said waters according to this decree, shall be placed in the channel of Rattlesnake Creek, at or above the point where the waters thereof divide into three channels so that the water flowing down said Rattlesnake Creek will naturally flow through said box, and permit one-third thereof to flow down the west channel of Rattlesnake Creek, and two-thirds thereof to flow down the east and middle channels or forks of said creek.

"And that the court below, in case said parties do not agree, shall have power to appoint a proper officer with power to erect and put into position said measuring box and with power to maintain the same in said channel, in accordance with this decree, as between the west channel on the one side and the east and middle channels on the other; and to permit one-third of the waters of Rattlesnake Creek to go down the west channel at all times, for the use by plaintiff and the other riparian owners on the west channel of Rattlesnake Creek, and two-thirds thereof to go down the east and middle channels of said Rattlesnake Creek, for the necessary irrigation of the riparian lands bordering thereon."

This decree was sent down to the Circuit Court by the mandate of this court and there duly entered of record. In this proceeding the state, on relation of the plaintiff in the main suit, charges in its affidavit that the defendant, Joseph Clark, has prevented the "waters of Rattlesnake Creek, or any part thereof, from flowing down the west channel thereof to and upon the land of the Pacific Live Stock Company and other riparian proprietors along said creek other than the said defendants in the above action." The Circuit Court discharged defendant, and the plaintiff has appealed.

1-3. It appears that in pursuance of the decree of this court, division-boxes were installed so as to provide that one third of the waters of the main stream should flow into each of the three branches, the east fork, the middle fork and the west fork. All parties in the suit claimed as riparian proprietors. Beyond dividing the water into three parts and causing it to flow in that proportion into the three branches, the decree of the court did not go or intend to operate. Without dispute, the defendant Clark has not interfered with the operation of the boxes installed by order of the court. The decree did not pretend to deprive anyone of any part of his riparian rights in the stream. After the division of the water the decree does not purport to adjust the rights as between themselves of the parties who own lands riparian to any particular branch of the stream. The command of the decree was in effect to allow one third of the waters of Rattlesnake Creek to flow down the west channel of Rattlesnake Creek "to and upon the lands of the plaintiff and other riparian proprietors along said Creek." The defendant has done nothing to prevent the disposition of the water thus adjudicated. The effort of the relator seems to be to appropriate to itself all the waters of the west branch of Rattlesnake Creek as against the defendant Clark. But this is at direct variance with the rights alleged in the pleadings and set out in the affidavit. No water user can at one and the same time claim as a riparian proprietor and likewise as an appropriator. He may be one or the other, but he cannot be both at once. As to the water, the tenure of a riparian proprietor is analogous to that of a tenant in common, while an appropriator is like a tenant in severalty: *Caviness* v. *La Grande Irr. Co.*, 60 Or. 410 (119 Pac. 731).

Clark is one of the riparian owners of land on the west fork of the creek and as such is entitled to his proportionate use of the water running there. The decree did not disturb nor adjudicate that right. Being one of the riparian proprietors on the stream, his privilege there cannot be taken away from him merely because the land in question is also riparian to other streams. The disputes between himself and other riparian proprietors on the west fork as to the use of the water thereof must be decided in litigation between them, and not under the guise of punishing him for an alleged violation of the decree already rendered.

The order of the Circuit Court discharging the defendant was correct and is affirmed.      AFFIRMED.

RAND, J., took no part in the consideration of this case.